**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KNOX ASSOCIATES, INC., | ) | |
| DBA The Knox Company, | ) | |
| an Arizona corporation, | ) | |
| | ) | Case No. 1:24-cv-00413 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KNOX FRC, INC., | ) | |
| an Illinois corporation, | ) | |
| and John R. Miles | ) | |
| | ) | |
| Defendants. | | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF
ORIGIN, AND UNFAIR COMPETITION**

Knox Associates, Inc. DBA The Knox Company ("Plaintiff" or "Knox") hereby complains
of Defendants Knox FRC, Inc. and John R. Miles ("Defendants"), and alleges as follows:

### I.  JURISDICTION AND VENUE

1.       This is an action for trademark infringement under 15 U.S.C. § 1114, false
designation of origin under 15 U.S.C. § 1125(a)(1)(A), violation of the Illinois Uniform Deceptive
Trade Practices Act under 815 Ill. Comp. Stat. 510/1, *et seq*., and Illinois common law trademark
infringement and unfair competition.

2.       The Court has original subject matter jurisdiction over the claims that relate to
trademark infringement and false designation of origin, pursuant to 15 U.S.C. §§ 1116 and 1121(a),
and also pursuant to 28 U.S.C. §§ 1331 and 1338, as these claims arise under the laws of the United
States.

3.       The Court has supplemental jurisdiction over the claims in this Complaint which

1

arise under state statutory and common law pursuant to 28 U.S.C. §§ 1338(b) and 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

4.      This Court has personal jurisdiction over Defendants because Defendants reside and are doing substantial business in the Northern District of Illinois.  In addition, by committing acts of trademark infringement and unfair competition in Northern District of Illinois, including, but not limited to, using infringing marks in connection with the sale of products to customers in Northern District of Illinois, Defendants' acts form a substantial part of the events or omissions giving rise to Knox's claims.

5.      Venue is proper in Northern District of Illinois pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants reside in Northern District of Illinois and a substantial portion of the events complained of herein took place in Northern District of Illinois.

## II.  THE PARTIES

6.      Knox is a corporation organized and existing under the laws of the State of Arizona, having a principal place of business at 1601 West Deer Valley Road, Phoenix, Arizona 85027.

7.      Upon information and belief, Defendant Knox FRC, Incorporated ("Knox FRC") is a corporation organized and existing under the laws of the State of Illinois, having a principal place of business at 301 W. Hintz Road, #E02, Wheeling, Illinois 60090.

8.      Upon information and belief, John Miles is an individual residing at 4851 Bordeaux Drive, Lake in the Hills, Illinois, and is the sole owner and sole officer of KNOX FRC.

## III.      COMMON ALLEGATIONS FOR ALL CLAIMS OF RELIEF

### A.      Knox and Its Trademarks

9.      At least as early as 1975, Knox began developing, marketing, selling, and

distributing safety systems using the mark KNOX®. These safety systems are found throughout the United States and are instrumental in keeping people safe when emergencies occur. Knox's systems are found outside many commercial buildings and contain master keys which allow first responders to access buildings in an emergency. Knox products are key to supporting first responders.

      10.    Through about half a century of partnership with emergency services personnel across the United States, Knox has achieved extensive exposure and widespread recognition of its KNOX® brand. Due to the nature of the Knox products, Knox has strong trademark rights in the KNOX® mark in the fire safety and emergency response industry. True and correct examples of products bearing the KNOX® Marks are shown below:

 






11.     The KNOX® line of safety equipment includes or has included the original KNOX®; KNOX-BOX®; KNOX ELEVATOR BOX®; KNOX REMOTE POWER BOX®; KNOX-VAULT®; KNOX-COAT®; KNOXWARE®; KNOXCONFIG®; KNOXDOCK®; KNOX STORZ LOCK®; KNOX FDC LOCK®; KNOXCONNECT®; KNOX EKEY®; KNOX RAINGUARD®; KNOX PADLOCK®; KNOX PADLOCKS®; KNOX STANDPIPE LOCK®;

KNOX STORZ LOCK ADAPTERS®; KNOX TAMPER ALERT®; KNOX GATE & KEY SWITCH®; KNOX ELOCK SYSTEM®; KNOX ELOCK CORE®; KNOX DOCUMENT CABINET®; KNOX RESIDENTIAL BOX®; KNOX SAFETY®; and KNOXLOCK® (collectively, the "KNOX® Marks").

12. Knox has built up, at great expense and effort, valuable goodwill in its KNOX® Marks and has developed strong common law rights in the KNOX® Marks. Knox has offered and sold metal locking devices, security products, and security solutions, including metal padlocks, metal vaults, lockboxes, storage vaults, lockable cabinets, key boxes, and other goods and services under the KNOX® Marks continuously for about half a century.

13. Additionally, Knox has and continues to widely market and promote its KNOX® Marks to first responders throughout the country. By providing fast, safe, and reliable products to emergency personnel, the Knox brand has become the go-to option for over 15,000 fire departments, emergency medical service teams, and law enforcement departments. By consistently providing reliable goods and services, Knox has built a reputation that leads first responders to trust Knox to provide access to over one million properties when needed.

14. Upon information and belief, Defendants are engaged in the business of designing and selling fire retardant clothing, including shirts, gloves, pants, hats, hoodies, and arm sleeves, safety sunglasses, welding helmets, welding lenses, knee pads, wallets, stickers, and other accessories and goods designed and marketed as being for safety, protection, and durability.

15. Defendants own and operate the website https://knoxfr.com/ and maintain the Facebook account https://www.facebook.com/knoxincorporated/, the Instagram account http://instagram.com/knoxwork, the TikTok account https://tiktok.com/@knoxinc, the Snapchat account https://www.snapchat.com/add/knoxinc, the YouTube page

https://www.youtube.com/channel/UCZ1nV4Pvk9IgAuaRwbjAMPg, and the LinkedIn page https://www.linkedin.com/company/knoxincorporated.

16. Without permission or consent from Knox, Defendants are using the mark KNOX in a manner confusingly similar to Knox's KNOX® Marks, including, but not limited to, the marks , , , and KNOX (collectively "Unauthorized KNOX Marks"). Importantly, Defendants repeatedly use the ® symbol with the KNOX marks, shown above and below, despite not owning a Federal registration for the KNOX mark.

17. Some examples of Defendants' use of the Unauthorized KNOX Marks are shown below:





6



### Knox DDUST Stick Welding Gloves

$35

Pay in 4 interest-free installments for orders over $50.00 with **shop** Learn more

Size

| S | M | L | XL |

Quantity

− 1 +

**Add to cart**

**Buy with shop** Pay

More payment options

Keep your hands protected from sparks and slags while facing those beads! Layered materials to prevent heat transfer. Flame resistant features protection like no other. Durable as well as heat and abrasion resistant. Crafted with heavy duty Kevlar, our welding gloves are reinforced with extra padding in critical areas providing maximum protection against burns, impact, and abrasions. The gloves feature a comfortable fit and an adjustable wrist strap, ensuring a secure grip while allowing for flexibility and ease of movement.

Our welding gloves come in various sizes and styles, including MIG, TIG, and stick welding gloves. They are built to withstand the rigorous demands of welding, whether you are working on a large construction site or a small workshop.

---



### Knox 2x4 X-Series Auto Darkening Adjustable Welding Lens X682

$120

Pay in 4 interest-free installments of $30.00 with **shop** Learn more

Color

| Gold | Blue |

Quantity

− 1 +

**Add to cart**

**Buy with shop** Pay

More payment options

**Knox X-series Auto-darkening Lenses** are a modern solution to combine. Enhance visibility welding helmet lenses compatible with classic pancake and pipeline welding helmet styles. **TC108** lens technology provides a crystal clear view of the arc and puddle, while the exclusive liquid crystal lens broadens the color range & hues that can be seen in both light and dark states.





### Knox R82 White Snapback Trucker Hat

$25

Pay in 4 interest-free installments for orders over $50.00 with **shop** Learn more

Quantity

− 1 +

**Add to cart**

**Buy with Shop** Pay

More payment options

Perfect for warm days on the job, this mesh-back cap has a sweat-fighting with fast-drying sweatband. 100% cotton washed canvas. 100% polyester mesh back. One size fits all. Quick dry technology keeps you cool for all day comfort. Structured, medium profile cap with visor. Adjustable fit with plastic closure. Knox graphic on front. Knox label sewn on back.

---



### Knox FR Welding Arm Sleeves (Black)

$29

Pay in 4 interest-free installments for orders over $50.00 with **shop** Learn more

Quantity

− 1 +

**Add to cart**

**Buy with shop** Pay

More payment options

These Knox FR Welding Sleeves are the perfect accessory to protect your arms without throwing on a bulky jacket or coat over your favorite work clothing. Stay safe and cool in these comfortable Knox FR Welding Sleeves.

• Increased protection: 21 inches (53 cm) over coverage.
• **Kevlar** threading.
• Heavy duty FR fabric.
• Meets NFPA2112, EN11612, EN1161.
• Durable, flame-retardant material adds spatter and heat resistance.



18.     Defendants' Unauthorized KNOX Marks, used on and in connection with the sale of safety equipment and accessories, are confusingly similar to the KNOX® Marks.

19.     Upon information and belief, Defendants were aware of Knox and the KNOX® Marks when Defendants commenced their infringing activities, and at least had constructive knowledge of Knox based on its pre-existing federal trademark registrations.

20.     Further, Defendants' have twice admitted that there is a likelihood of confusion between the KNOX® Marks and the Unauthorized KNOX Marks.

21.     On June 24, 2021, KNOX FRC's owner, John R. Miles, sent a cease-and-desist letter to Knox correctly asserting that there is a likelihood of confusion between the parties' marks. However, he incorrectly alleged that it was Knox's use that caused confusion with Defendants, when in fact Knox is the senior user.  A true and correct copy of Defendants' June 24, 2021 letter is attached hereto as **Exhibit 1**.

22.     In particular, in the June 24, 2021, letter, Defendant John R. Miles alleged that there is "confusion among consumers searching for keywords of "knox safety", [which] dilutes the goodwill and distinctiveness of our trademark."  Further, Defendants falsely claimed they owned

a trademark registration for the mark KNOX when they did not.

23. On July 14, 2021, Knox responded and informed Defendants of the Knox company's prior rights in the KNOX® Marks. Knox's letter also asserted that Defendants' use of the KNOX® Marks constitutes trademark infringement and unfair competition in violation of federal, state, and common laws, and that the Defendants' use of the ® symbol next to an unregistered trademark constitutes fraud. A true and correct copy of Knox's July 14, 2021 letter is attached as **Exhibit 2**.

24. On January 2, 2024, Knox received a second cease-and-desist letter from Defendants, via an attorney at Legal Zoom. Once again Defendants admit that there is a likelihood of confusion between the KNOX® Marks and Defendants' Unauthorized KNOX Marks. Despite receiving Knox's July 14, 2021 correspondence, Defendants continue to maintain their baseless allegations that Knox's use of the KNOX® Marks "is likely to cause confusion among consumers and may harm the distinctive reputation of [**Defendants'**] brand." Additionally, Defendants again falsely claimed they owned a trademark registration for the mark KNOX when they do not. A true and correct copy of Defendants' January 2, 2024, letter is attached hereto as **Exhibit 3**.

25. In each of its letters, Defendants falsely assert ownership of U.S. Trademark Registrations. In the July 14, 2021 letter, Defendants assert ownership of U.S. Trademark Application Serial No. 90624482 for the mark KNOX for "Fire-resistant clothing; Protection clothing for hazardous environment" in International Class 9. However, the USPTO refused registration of Defendants' application on November 19, 2021, and the application was abandoned on June 21, 2022. In the January 2, 2024 letter, Defendants assert ownership of U.S. Trademark Application 97717861 for the mark KNOX for "Industrial clothing for use in the pipeline, refinery, power plants, namely, the oil and gas industry. Fire retardant work clothing brand, namely, Fire

retardant shirts, Fire retardant jeans, Fire retardant jackets, Fire retardant hats, Fire retardant sunglasses" in International Class 25. However, this application has been rejected in an office action, raising issues similar to those raised to the first application, and has not been allowed or granted registration. Despite not owning a registration, Defendants continue to improperly assert the application against Knox, and continue to improperly use a registration symbol in connection with the Unauthorized KNOX Marks. Further, this application states a date of first use of January 2019, which is decades after Knox's use commenced.

26. Upon information and belief, Defendants' misuse of the ® mark in connection with the Unauthorized KNOX Marks is fraudulent and deceptive, and is done to provide false legitimacy to a company that is intentionally causing consumer confusion. Given Defendants' previous, failed attempt to register a "KNOX" trademark, Defendants are undoubtably aware that they do not have a registration and that their use of the ® is, therefore, a willful misrepresentation to consumers.

27. Contrary to Defendants' assertions in their letters, Knox has priority over Defendants to the KNOX Marks, and, based on their own admissions of the likelihood of confusion, Defendants' use of the Unauthorized KNOX Marks infringes Knox's prior rights.

28. The KNOX® Marks have been strong identifiers of Knox such that consumers have come to recognize a family of KNOX® Marks with which Knox markets and sells its goods and services since long before Defendants began their infringing activity. As a result, Knox has built up, at great expense and effort, valuable goodwill in its family of KNOX® Marks.

29. Knox is the owner of numerous trademark registrations for its KNOX® Marks, including but not limited to the following U.S. Trademark Registrations:

| Mark | U.S. Registration Nos. | Goods and Services | Filing Date | Registration Date |
|---|---|---|---|---|

| KNOX | 2072103 | Cl. 6: metal key security holders for securing access of keys to buildings and/or storage areas; metal security box for secured protection of keys for emergency use | March 30, 1994 | June 17, 1997 |
|---|---|---|---|---|
| KNOX | 2027433 | Cl. 9: metal security box for secured protection of electrical and/or electronic circuits and/or apparatus; computerized encoder and decoder which provides access to lock boxes | March 30, 1994 | December 31, 1996 |
| KNOX-BOX | 1649269 | Cl. 6: wall-mounted metal lock boxes for securing access keys to buildings and/or storage areas | July 19, 1990 | July 2, 1991 |
| KNOX ELEVATOR BOX | 6707611 | Cl. 6: Wall-mounted metal lock boxes and vaults, storage boxes and vaults, and safes for securing access keys to elevators; metal lock boxes; metal storage boxes, for the purpose of preventing unauthorized access to the contents of the boxes; metal storage vaults, for the purpose of preventing unauthorized access to the contents of the vaults; metal safes; metal keys for locks | March 30, 2018 | April 19, 2022 |
| KNOX REMOTE POWER BOX | 6635288 | Cl. 6: Wall-mounted metal security lock boxes and vaults, storage boxes and vaults, and safes for securing access keys to commercial and residential properties and buildings, or for disabling power to properties and buildings; metal lock boxes; metal storage boxes, for the purpose of preventing unauthorized access to the contents of the boxes; metal storage vaults; metal safes; metal keys for locks | March 30, 2018 | February 8, 2022 |

| | | | | |
|---|---|---|---|---|
| | | Cl. 9: Electrical switch used to disconnect electronical power to residential and commercial properties and buildings, residential and commercial property and building equipment, and residential and commercial property and building systems; Electronic switches, namely, electronic key switches used for allowing access to entryways of residential and commercial properties and buildings; computer hardware and software for operating electronic key management systems; computer hardware and software for controlling access to metal and non-metal lock boxes and vaults, storage boxes and vaults, and safes; computer hardware and software for operating, monitoring, controlling and managing metal and non-metal lock boxes and vaults, storage boxes and vaults, and safes; computer hardware and software for providing a verifiable audit trail of access to metal and non-metal lock boxes and vaults, storage boxes and vaults, and safes; electronic keypad | | |
| KNOX-VAULT | 3290692 | Cl. 6: metal security boxes; wall-mounted metal lock boxes for securing access cards, keys, and floor plans to buildings and storage areas, and for protecting electrical and electronic circuits and apparatus | March 30, 2006 | September 11, 2007 |

| KNOX-COAT | 2867870 | Cl. 6: metal security boxes | October 15, 2002 | July 27, 2004 |
|---|---|---|---|---|
| KNOXWARE | 3503855 | Cl. 9: Computer software, namely, software for use on key retention devices | August 16, 2007 | September 23, 2008 |
| KNOXCONFIG | 5649882 | Cl. 9: Computer software for locking systems and electronic key systems, namely, for controlling access to structures, security boxes, vaults, storage boxes, and safes; computer software for controlling access to security boxes and vaults, storage boxes and vaults, and safes; Computer software for operating, monitoring, controlling and managing security boxes and vaults, storage boxes and vaults, and safes; computer application software for setting up security boxes and vaults, storage boxes and vaults, and safes | January 13, 2017 | January 8, 2019 |
| KNOXDOCK | 5710286 | Cl. 9: Computer docking stations; computer docking stations for charging and programming electronic keys; computer docking stations for facilitating communication between electronic keys and computers; electrical apparatus, namely, stations for charging and programming electronic keys; electronic devices for charging and programming electronic keys | January 13, 2017 | March 26, 2019 |
| KNOX STORZ LOCK | 5743108 | Cl. 6: Locking devices, namely, metal locking caps for use on standpipes, fire department connections, fire hydrants, and wall hydrants, metal water-tight caps for use on standpipes, fire department | March 30, 2018 | May 7, 2019 |

| | | connections, fire hydrants, and wall hydrants, and metal caps used to secure fire sprinkler connections from damage and vandalism | | |
|---|---|---|---|---|
| KNOX FDC LOCK | 5743109 | Cl. 6: Locking devices, namely, metal locking caps for use on standpipes, fire department connections, metal water-tight caps for use on standpipes, fire department connections, and metal caps used to secure fire sprinkler connections from damage and vandalism | March 30, 2018 | May 7, 2019 |
| KNOXCONNECT | 5634126 | Cl. 9: System management software for managing locking systems for metal security boxes, metal security vaults, metal storage boxes, metal storage vaults and metal safes; Computer software for managing key systems; Computer software for managing lock systems; Computer software for controlling access to security boxes and vaults, storage boxes and vaults, and safes; Computer software for operating, monitoring, controlling and managing security boxes and vaults, storage boxes and vaults, and safes; Computer software for providing a verifiable audit trail of access to security boxes and vaults, storage boxes and vaults, and safes; Software to control building and structure access and security systems | September 29, 2017 | December 18, 2018 |
| KNOX EKEY | 5950670 | Cl. 9: Electronic keys; Electronic key systems; Computer hardware and software for controlling | October 27, 2017 | December 31, 2019 |

| | | access to security boxes and vaults, storage boxes and vaults, and safes; Computer hardware and software for operating, monitoring, controlling and managing security boxes and vaults, storage boxes and vaults, and safes; Computer hardware and software for providing a verifiable audit trail of access to security boxes and vaults, storage boxes and vaults, and safes; keyswitches for accessing structures | | |
|---|---|---|---|---|
| KNOX RAINGUARD | 6053896 | Cl. 6: A component part of metal security boxes and vaults being a waterproof membrane to protect electronic circuitry of cabinets, safes, vaults and metal storage boxes; metal storage boxes and vaults; metal safes; padlocks | May 15, 2018 | May 12, 2020 |
| KNOX PADLOCK | 6082753 | Cl. 6: Metal padlocks | March 30, 2018 | June 23, 2020 |
| KNOX PADLOCKS | 6082754 | Cl. 6: Metal padlocks | March 30, 2018 | June 23, 2020 |
| KNOX STANDPIPE LOCK | 6082755 | Cl. 6: locking device connectors, namely, metallic hardware connectors for use with pipes and metal locking caps used on standpipes, fire department connections, fire hydrants, and wall hydrants, metal water-tight caps for use on standpipes, fire department connections, fire hydrants, and wall hydrants, and metal caps used to secure fire sprinkler connections from damage and vandalism | March 30, 2018 | June 23, 2020 |
| KNOX STORZ LOCK ADAPTERS | 6082756 | Cl. 6: locking device connectors, namely, metallic hardware connectors for use with pipes and metal locking | March 30, 2018 | June 23, 2020 |

| | | | | |
|---|---|---|---|---|
| | | caps used on standpipes, fire department connections, fire hydrants, and wall hydrants, metal water-tight caps for use on standpipes, fire department connections, fire hydrants, and wall hydrants, and metal caps used to secure fire sprinkler connections from damage and vandalism | | |
| KNOX TAMPER ALERT | 6082757 | Cl. 9: Electronic equipment being computer hardware and circuitry used in connection with alarm systems, for the purpose of preventing unauthorized access to structures, security boxes, vaults, and safes | March 30, 2018 | June 23, 2020 |
| KNOX GATE & KEY SWITCH | 6102570 | Cl. 9: Electronic switches, namely, electronic key switches used for allowing access to entryways of residential and commercial properties and buildings; electronic keys, namely, electronic keys used for allowing access to entryways of residential and commercial properties and buildings | March 30, 2018 | July 14, 2020 |
| KNOX ELOCK SYSTEM | 6142232 | Cl. 6: Metal security key boxes; metal security vaults; metal storage boxes and key vaults for general use; metal safes; padlocks; padlocks, namely, locking caps for fire department connections<br><br>Cl. 9: Computer hardware and software for controlling access to security boxes and vaults, storage boxes and vaults, and safes; computer hardware and software for operating, monitoring, controlling and managing security boxes and vaults, | October 27, 2017 | September 1, 2020 |

| | | | | |
|---|---|---|---|---|
| | | storage boxes and vaults, and safes; computer hardware and software for providing a verifiable audit trail of access to security boxes and vaults, storage boxes and vaults, safes; keyswitches for accessing structures | | |
| KNOX ELOCK CORE | 6301661 | Cl. 6: Metal security key boxes; metal security vaults; metal storage boxes and key vaults for general use; metal safes; padlocks; padlocks, namely, locking caps for fire department connections<br><br>Cl. 9: Computer hardware and recorded software for controlling access to security boxes and vaults, storage boxes and vaults, and safes; computer hardware and recorded software for operating, monitoring, controlling and managing security boxes and vaults, storage boxes and vaults, and safes; computer hardware and recorded software for providing a verifiable audit trail of access to security boxes and vaults, storage boxes and vaults, safes; key switches for accessing structures | October 27, 2017 | March 23, 2021 |
| KNOX DOCUMENT CABINET | 6707612 | Cl. 6: Wall-mounted metal lock boxes and vaults, storage boxes and vaults, and safes for securing access keys to commercial and residential properties and buildings and material safety data sheets (MSDS) and safety data sheets (SDS); metal lock boxes; metal storage boxes, for the purpose of preventing | March 30, 2018 | April 19, 2022 |

| | | | | |
|---|---|---|---|---|
| | | unauthorized access to the contents of the boxes; metal storage vaults, for the purpose of preventing unauthorized access to the contents of the vaults; metal safes; metal keys for locks | | |
| KNOX RESIDENTIAL BOX | 6707613 | Cl. 6: Wall-mounted metal lock boxes and vaults, storage boxes and vaults, and safes for securing access keys to residential properties and buildings; metal lock boxes; metal storage boxes, for the purpose of preventing unauthorized access to the contents of the boxes; metal storage vaults, for the purpose of preventing unauthorized access to the contents of the vaults; metal safes; metal keys for locks | March 30, 2018 | April 19, 2022 |
| KNOX SAFETY | 6616246 | Cl. 9: carbon monoxide detectors and alarms | April 15, 2020 | January 11, 2022 |
| KNOXLOCK | 6754764 | Cl. 6: Metal security boxes; metal security vaults; metal storage boxes; metal storage vaults; metal safes<br><br>Cl. 9: Electronic keys; computer hardware and recorded software for providing electronic key systems; computer hardware and recorded software for controlling access to security boxes and vaults, storage boxes and vaults, and safes; computer hardware and recorded software for operating, monitoring, controlling and managing security boxes and vaults, storage boxes and vaults, and safes; computer hardware and recorded software for | September 18, 2019 | June 7, 2022 |

18

| | | providing a verifiable audit trail of access to security boxes and vaults, storage boxes and vaults, and safes | | |
|---|---|---|---|---|

30. Attached hereto as **Exhibits 4 - 30** are true and correct copies of Knox's trademark registrations identified in Paragraph 29 of this Complaint, which are hereby incorporated by reference.

31. Pursuant to 15 U.S.C. § 1065, U.S. Registration Nos. 2,072,103, 2,027,433, 1,649,269, 3,290,692, 2,867,870, and 3,503,855 are incontestable.

32. Despite receiving Knox's letter, Defendants have continued to use the Unauthorized KNOX Marks without permission or consent from Knox. Defendants also continue to allege that Knox is creating confusion when, in actuality, Knox has priority and the Defendants are creating confusion. Defendants have infringed Knox's KNOX® Marks in interstate commerce by designing, using, promoting, advertising, selling, and/or offering to sell goods using the Unauthorized KNOX Marks.

33. Upon information and belief, Defendants' actions alleged herein are intended to cause confusion, mistake, or deception as to the source of Defendants' goods and services and are intended to cause consumers and potential customers to believe that Defendants' business and the goods and services that it offers are associated with Knox when they are not.

34. In a further attempt to deceive consumers into believing that Defendants are affiliated with, authorized by, and/or sponsored by Knox, when they are not, Defendants have created a website that is strikingly similar to the official Knox website. Images showing the nearly identical color scheme and stylistic layout shared between the two websites are shown below:



# Any tougher, they'd rust.

PERFORMANCE FR CLOTHING DESIGNED FOR SAFETY, PROTECTION AND DURABILITY.

Shop Products

CUSTOMERS AT 2,000+ COMPANIES TRUST KNOX

Defendants' Website: https://knoxfr.com/



## Knox® Rapid Access System Powered by One Master Key

Trusted by thousands of fire and law enforcement agencies for over 40 years, Knox Rapid Access Solutions have provided first responders with immediate access into secure buildings, campuses, residences and commercial properties when it matters most. Removing barriers to entry reduces injuries to responders and minimizes property damage. That's the power of the Knox rapid access system.

Knox's Website: https://www.knoxbox.com/

35.     Defendants have a duty to avoid confusion with Knox and the KNOX® Marks because Defendants entered the market decades after Knox.  Nevertheless, Defendants have purposely sold, promoted, marketed, distributed and/or offered their goods and services in a manner that causes a likelihood of confusion with Knox and the KNOX® Marks.

36.     In addition, Defendants' infringing conduct will likely result in confusion.  Indeed, Defendants have repeatedly admitted that a likelihood of confusion exists, at least in their cease-and-desist letters sent to Knox.  **Exhibits 1, 3.**  The likelihood of confusion in this case causes substantial injury to Knox's business reputation and goodwill.

37.     By virtue of the acts complained of herein, Defendants have created a likelihood of injury to Knox's business reputation and goodwill, caused a likelihood of consumer confusion, mistake, and deception as to the source of origin or relationship of Knox's goods and services and Defendants' goods and services, and have otherwise competed unfairly with Knox by unlawfully trading on and using the KNOX® Marks, without Knox's permission or consent.

38.     Upon information and belief, Defendants' acts complained of herein are willful and deliberate.

39.     Defendants' acts complained of herein have caused damage to Knox in an amount to be determined at trial, and such damages will continue to increase unless Defendants are enjoined from the wrongful acts and infringement.

40.     Defendants' acts complained of herein have caused Knox to suffer irreparable injury to its business.  Knox will suffer substantial loss of goodwill and reputation unless and until Defendants are preliminarily and permanently enjoined from the wrongful acts complained of herein.

## IV.     FIRST CLAIM FOR RELIEF
### (False Designation of Origin Under 15 U.S.C. § 1125(a))

21

41.     Knox hereby repeats, realleges, and incorporates by reference paragraphs 1-40 of this Complaint as though fully set forth herein.

42.     This is a claim for false designation of origin, and unfair competition arising under 15 U.S.C. § 1125(a).

43.     As a result of the widespread use and promotion of Knox's KNOX® Marks, the marks have acquired strong fame and secondary meaning to consumers and potential customers, in that consumers and potential customers have come to associate the KNOX® Marks with Knox.

44.     Defendants have infringed the KNOX® Marks and caused unfair competition, by using in commerce, without Knox's permission, the confusingly similar Unauthorized KNOX Marks, including, but not limited to, the marks KNOX,  , KNOX®, and KNOX in connection with the advertisement, offering for sale, and/or sale of Defendants' goods and services.

45.     Defendants' actions are likely to cause confusion and mistake, or to deceive customers and the public as to the affiliation, connection, association, origin, sponsorship, or approval of Defendants' goods or services or Defendants' commercial activities, with Knox in violation of 15 U.S.C. § 1125(a). Indeed, Defendants have admitted in prior letters that confusion is likely.

46.     Upon information and belief, Defendants did so with the intent to trade upon Knox's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that Defendants' goods are associated with, sponsored by, or approved by Knox, when they are not.

47.     Upon information and belief, Defendants had actual and/or constructive knowledge

22

of Knox's ownership and prior use of the KNOX® Marks, and without the consent of Knox, willfully violated 15 U.S.C. § 1125(a).

48. Defendants, by their actions, have damaged Knox in an amount to be determined at trial.

49. Defendants, by their actions, have irreparably injured Knox. Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Knox's rights, for which Knox has no adequate remedy at law.

## V. SECOND CLAIM FOR RELIEF

### (Trademark Infringement Under 15 U.S.C. § 1114)

50. Knox hereby repeats, realleges, and incorporates by reference paragraphs 1-49 of this Complaint as though fully set forth herein.

51. This is a claim for trademark infringement arising under 15 U.S.C. § 1114.

52. Knox owns valid and enforceable federally registered trademarks for the KNOX® Marks, including at least the registrations listed in the above table.

53. Defendants have used in commerce, without permission from Knox, colorable imitations, and/or confusingly similar marks to Knox's KNOX® Marks that are the subject of at least Knox's U.S. Trademark Registrations Nos. 2,072,103, 2,027,433, 1,649,269, 6,707,611, 6,635,288, 3,290,692, 2,867,870, 3,503,855, 5,649,882, 5,710,286, 5,743,108, 5,743,109, 5,634,126, 5,950,670, 6,053,896, 6,082,753, 6,082,754, 6,082,755, 6,082,756, 6,082,757, 6,102,570, 6,142,232, 6,301,661, 6,707,612, 6,707,613, 6,616,246, and 6,754,764 in connection with the advertising, marketing, and/or promoting of Defendants' goods and services. Such use is likely to cause confusion or mistake, or to deceive.

54. Upon information and belief, the activities of Defendants complained of herein

constitute willful and intentional infringement of Knox's registered marks, and Defendants did so with the intent to trade upon Knox's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that Defendants' goods and services are associated with, sponsored by, approved by, and/or originating from, Knox, when they are not.

55.     Upon information and belief, Defendants had actual and/or constructive knowledge of Knox's ownership and prior use of the KNOX® Marks and have willfully violated 15 U.S.C. § 1114.

56.     Defendants, by their actions, have damaged Knox in an amount to be determined at trial.

57.     Defendants, by their actions, have irreparably injured Knox.  Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Knox's rights, for which Knox has no adequate remedy at law.

## VI.     <u>THIRD CLAIM FOR RELIEF</u>

### (Violation of Illinois Uniform Deceptive Trade Practices Act)

58.     Knox hereby repeats, realleges, and incorporates by reference paragraphs 1-57 of this Complaint as though fully set forth herein.

59.     This is an action for violation of the Uniform Deceptive Trade Practices Act, 815 ILL. COMP. STAT. 510/1, *et seq.*

60.     By virtue of the acts complained of herein, Defendants have been and are engaged in deceptive trade practices or acts in the conduct of business, trade or commerce, and in the furnishing of services and products, in violation of the Uniform Deceptive Trade Practices Act of the State of Illinois, 815 ILL. COMP. STAT. 510/1, *et seq.* Defendants' acts cause a likelihood of

confusion or misunderstanding as to the source, sponsorship, or approval of goods and services and cause a likelihood of confusion or misunderstanding as to the affiliation or association of its goods and services.

61.     As a proximate result of Defendants' actions, Knox has suffered and will continue to suffer damages in an amount to be determined at trial.

62.     Defendants have irreparably injured Knox.  Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation of Knox's rights, for which Knox has no adequate remedy at law.

## VII.     <u>FOURTH CLAIM FOR RELIEF</u>

**(Illinois Common Law Trademark Infringement and Unfair Competition)**

63.     Knox hereby repeats, realleges, and incorporates by reference paragraphs 1-62 of this Complaint as though fully set forth herein.

64.     This is an action for common law trademark infringement and unfair competition under Illinois common law.

65.     Defendants' use in commerce of the marks, KNOX,  ,  , and constitutes trademark infringement and unfair competition with Knox under Illinois common law in that (a) such use enables Defendants to obtain the benefit of and trade on the goodwill of Knox, (b) such use damages the goodwill of Knox and Knox has no control over Defendants' business, and (c) such use is likely to cause confusion, mistake or deception and results in unjust enrichment to Defendants.

66.     Defendants have irreparably injured Knox.  Such irreparable injury will continue unless Defendants are preliminarily and permanently enjoined by this Court from further violation

of Knox's rights, for which Knox has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Knox prays for judgment against Defendants as follows:

1.     That the Court render a final judgment in favor of Knox and against Defendants on all claims for relief alleged herein;

2.     That the Court render a final judgment that Defendants have violated the provisions of 15 U.S.C. § 1125(a) by willfully infringing the KNOX® Marks through the marketing, sale and promotion of Defendants' goods and services;

3.     That the Court render a final judgment that Defendants have willfully violated the provisions of 15 U.S.C. § 1114 by infringing Knox's trademark rights in at least the marks that are the subject of U.S. Trademark Registrations, including Registration Nos. 2,072,103, 2,027,433, 1,649,269, 6,707,611, 6,635,288, 3,290,692, 2,867,870, 3,503,855, 5,649,882, 5,710,286, 5,743,108, 5,743,109, 5,634,126, 5,950,670, 6,053,896, 6,082,753, 6,082,754, 6,082,755, 6,082,756, 6,082,757, 6,102,570, 6,142,232, 6,301,661, 6,707,612, 6,707,613, 6,616,246, and 6,754,764.

4.     That the Court render a final judgment declaring that Defendants have violated the Uniform Deceptive Trade Practice Act, 815 ILL. COMP. STAT. 510/1, *et seq.*

5.     That the Court render a final judgment declaring Defendants have violated Illinois common law by unfairly competing with Knox and infringing Knox's trademark rights;

6.     That Defendants, their agents, servants, employees, attorneys, successors, and assigns, and all other persons in active concert or participation with Defendants who receive actual notice of the injunction by personal service or otherwise, be forthwith preliminarily and permanently enjoined from:

a.    using marks that are confusingly similar to Knox's KNOX® Marks including, but not limited to, the KNOX, , , and , marks in connection with Defendants' goods or services or advertising or promoting Defendants' goods or services, and/or using confusingly similar variations of any of the KNOX® Marks or in any manner that is likely to create the impression that Defendants' goods or services originate from Knox, are endorsed by Knox, or are connected in any way with Knox;

b.    manufacturing, distributing, shipping, importing, reproducing, displaying, advertising, marketing, promoting, transferring, selling, and/or offering to sell any unauthorized goods bearing any of the Unauthorized KNOX Marks including, but not limited to, the KNOX, , , and  marks, and/or any confusingly similar marks;

c.    filing any applications for registration of any trademarks, service marks, or designs confusingly similar to the KNOX® Marks;

d.    otherwise infringing any of the KNOX® Marks or any of Knox's other trademarks;

e.    improperly using the ® symbol;

f.    unfairly competing with Knox in any manner whatsoever; and

g.    causing a likelihood of confusion or injury to Knox's business reputation.

7.    That Defendants be directed to file with this Court and serve on Knox within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail

the manner and form in which they have complied with the injunction pursuant to 15 U.S.C. § 1116;

8. That Defendants be required to account to Knox for any and all profits derived by Defendants and all damages sustained by Knox by virtue of Defendants' acts complained of herein;

9. That Defendants be ordered to pay over to Knox all damages which Knox has sustained as a consequence of the acts complained of herein, subject to proof at trial, together with prejudgment and post-judgment interest;

10. That this case be deemed exceptional, and the amount of the damages be trebled and that the amount of profits be increased by as many times as the Court deems appropriate, pursuant to 15 U.S.C. § 1117;

11. That Knox be awarded punitive damages;

12. That Knox be awarded Defendants' unjust enrichment;

13. That Defendants' actions be deemed willful;

14. That an award of reasonable costs, expenses, and attorneys' fees be awarded to Knox pursuant to at least 15 U.S.C. § 1117;

15. That Defendants be required to deliver and destroy all devices, literature, advertising, goods, and other unauthorized materials bearing the Unauthorized KNOX Marks, including, but not limited to, the KNOX,  ,  , and  marks or any confusingly similar marks, pursuant to 15 U.S.C. § 1118;

16. That Knox be awarded restitution and disgorgement; and

17. That Knox be awarded such other and further relief as this Court may deem just.

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Knox Associates, Inc.

hereby demands a trial by jury on all issues so triable.

January 17, 2024      Respectfully submitted,

           Knox Associates, Inc.

           */s/Kelley S. Gordon*
           MARSHALL, GERSTEIN & BORUN LLP
           Kelley S. Gordon
           Tiffany D. Gehrke
           Valérie Cambronne
           233 South Wacker Drive
           6300 Willis Tower
           Chicago, Illinois  60606-6357
           Telephone: (312) 474-6300
           Fax: (312) 474-7044
           kgordon@marshallip.com
           tgehrke@marshallip.com
           vcambronne@marshallip.com

           Steven J. Nataupsky
           (*pro hac vice* admission pending)
           Jacob R. Rosenbaum
           (*pro hac vice* admission pending)
           KNOBBE, MARTENS, OLSON & BEAR, LLP
           2040 Main Street, 14th Floor
           Irvine, CA 92614
           Telephone: 949-760-0404
           Facsimile:  949-760-9502

           Counsel for Plaintiff
           KNOX ASSOCIATES, INC.