# EXHIBIT 2

# Knobbe Martens

KNOBBE, MARTENS, OLSON & BEAR, LLP

2040 Main St., 14th Fl., Irvine, CA 92614
T (949) 760-0404

Steven J. Nataupsky
Steven.Nataupsky@knobbe.com

July 14, 2021

John R. Miles
Knox FRC, Inc.
4851 Bordeaux Drive
Lake in The Hills, IL 60156
support@knoxfrc.com

Re:    KNOX® Trademark
        Our Client: Knox Associates, Inc.
        Our Ref.: KNOXT.158TIS

Dear Mr. Miles:

We write in response to your letter dated June 24, 2021, regarding our client, Knox Associates, Inc.'s ("Knox") use of its federally registered trademark KNOX® and ownership of the domain name knox.com.

Based on the statements in your letter, it appears that you are attempting to allege that Knox is infringing on your claimed trademark rights through its use of its KNOX® trademark. We strongly disagree.

First, Knox is a leading developer of rapid access and security products, including fire safety products and systems. Since at least as early as 1975, decades before your use and application to register the KNOX mark, Knox has sold its products under the KNOX® trademark and other related trademarks containing "KNOX" (collectively, the "KNOX Marks"). Through Knox's long standing and continuous use of the KNOX mark since at least as early as 1975, our client has strong trademark rights in the KNOX® mark in the fire safety and emergency response industry. In fact, Knox owns numerous trademark registrations for KNOX® and its KNOX Marks, including U.S. Registration Nos.: 2,072,103 (KNOX®); 2,027,433 (KNOX®); 3,290,692 (KNOX-VAULT®); 2,867,870 (KNOX-COAT®); 1,649,269 (KNOX-BOX®); 5,743,109 (KNOX FDC LOCK®); 5,743,108 (KNOX STORZ LOCK®); 5,634,126 (KNOXCONNECT®); 5,649,882 (KNOXCONFIG®); 5,710,286 (KNOXDOCK®); 3,503,855 (KNOXWARE®); 5,950,670 (KNOX EKEY®); and 6,082,757 (KNOX TAMPER ALERT®). These registrations cover a variety of rapid access, fire safety, emergency response, and security products.

Furthermore, Knox's U.S. Registration Nos. 2,072,103 and 2,027,433 for the mark KNOX® are incontestable, and as such, constitute conclusive evidence of the validity of the registered mark, Knox's ownership of the mark, and Knox's exclusive right to use the mark in commerce. Copies of these registrations are enclosed.

Contrary to your allegations, you do not own a trademark registration for the mark KNOX nor do you have any enforceable rights to the KNOX trademark. In fact, your use of and application to register our client's KNOX mark constitutes trademark infringement, dilution, and unfair competition in violation of federal, state, and common laws. See 15 U.S.C. § 1125(a) and (c). Furthermore, your display of the ® symbol next to an unregistered trademark (as shown below) constitutes fraud.

INTELLECTUAL PROPERTY + TECHNOLOGY LAW  |  knobbe.com

# Knobbe Martens



Knox has invested a significant amount of time, resources, and money in developing, promoting, and marketing its goods under its distinctive KNOX Marks for over 45 years. As a result of its extensive efforts and use, Knox has developed significant goodwill and strong trademark rights in its KNOX Marks and is widely recognized by consumers, first responders, fire departments, law enforcement agencies, and commercial and residential building owners.

Knox is not affiliated with you and you do not have permission to use Knox's trademarks in connection with the sale of any safety or fire-resistent clothing or products. Your use of the KNOX Marks is an infringement of Knox's trademarks because it causes people to believe that there is an association between you and Knox, which is not true. This infringement causes severe damage to Knox's reputation and to the substantial renown and goodwill that Knox has developed in its trademarks. Moreover, your letter admits that consumer confusion is likely. In view of the fact that Knox clearly has priority it is your actions that infringe, not our client's.

You are clearly aware of Knox's famous KNOX Marks and also that Knox is not affiliated with you in any way. Your actions are therefore willful, intentional, and calculated to take advantage of Knox's reputation and goodwill in its valuable marks and reputation within the safety and emergency response industry. Such willful and intentional infringement entitles Knox to claim enhanced damages and attorneys' fees in any lawsuit to enforce its valuable trademarks.

In view of the seriousness of this matter, we hereby demand that you **immediately**:

1) Cease and desist from further display or use of the KNOX mark or any other mark confusingly similar to the KNOX Marks. This includes, but is not limited to, ceasing use of the mark in all advertising and promotional material, including, but not limited to, on all websites, business collateral, signage, videos, and social media platforms;

2) Transfer the domain name <knoxfrc.com> to Knox;

3) Expressly abandon U.S. Trademark Application Serial No. 90/624482, for the mark KNOX with prejudice; and

4) Agree not to use, or file or maintain any trademark applications for the mark KNOX or for any other mark confusingly similar to the KNOX Marks.

We demand that you provide us with written assurances of your compliance with the above demands within **ten (10) days** of the date of this letter. If we do not hear from you within this time period, we will assume that you have chosen to continue to willfully violate Knox's rights.